IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **WILLIAM BRADLEY** <br> 183 Sandhill Pines Dr <br> Santa Rosa Beach, Florida 32459 | * <br><br> * | |
| *Plaintiff* | * | Civil Case No._____ |
| v. | * | **JURY DEMAND** |
| **BALTIMORE POLICE DEPARTMENT** | * | |
| **Serve on**: <br> Commissioner Michael S. Harrison <br> 601 E. Fayette Street <br> Baltimore, MD 21201, | * <br><br> * <br><br> * | |
| **DETECTIVE FRANK MUNDY** <br> Individually and as a police officer for <br> BALTIMORE CITY POLICE DEPT. <br> 601 E. Fayette Street <br> Baltimore, MD 21201, | * <br><br><br> * <br><br> * | |
| **SERGEANT KATHY JACKSON** <br> Individually and as a police officer for <br> BALTIMORE CITY POLICE DEPT. <br> 601 E. Fayette Street <br> Baltimore, MD 21201, | <br><br><br> * <br><br> * | |
| **LIEUTENANT COLONEL MONIQUE BROWN** <br> Individually and as a police officer for <br> BALTIMORE CITY POLICE DEPT. <br> 601 E. Fayette Street <br> Baltimore, MD 21201 <br> and | <br><br><br><br> * <br><br><br> * | |
| **CAPTAIN LISA ROBINSON** <br> Individually and as a police officer for <br> BALTIMORE CITY POLICE DEPT. <br> 601 E. Fayette Street <br> Baltimore, MD 21201 <br> *Defendants.* | * <br><br><br> * <br> * | |

\*   \*   \*       \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**COMPLAINT AND JURY TRIAL DEMAND**

Plaintiff William Bradley (hereinafter "Mr. Bradley" or "Plaintiff"), by and through

his undersigned attorneys Oana Brooks and BrooksLaw LLC, and Tony N. Garcia and Bates & Garcia, P.C., files this Complaint against the Baltimore Police Department ("BPD"); Detective Frank Mundy (individually, "Defendant Mundy"); Sergeant ("Sgt.") Kathy Jackson (individually, "Defendant Jackson"), Lieutenant Colonel Monique Brown (individually, "Defendant Brown"), and Captain Lisa Robinson (individually, "Defendant Robinson"), (as to Mundy, Jackson, Brown, and Robinson, collectively "Officer Defendants"), (as to Jackson, Brown, and Robinson, collectively, "Supervisor Defendants"), and in support thereof states the following:

## INTRODUCTION

1) Plaintiff Bradley was falsely arrested and maliciously prosecuted, as a result of the unconstitutional practices and policies of Defendant BPD, Defendants/Supervisors Jackson, Brown, and Robinson, and Defendant Mundy.

2) Defendant Mundy intentionally fabricated evidence, which he referenced in various reports, and on which he relied in support of his application for a Search and Seizure Warrant ("SSW") for Plaintiff Bradley's home and the arrest warrant for Plaintiff Bradley.

3) Defendant Jackson knew or should have known that the information presented in Defendant Mundy's application for the SSW was not truthful, including but not limited to assertions that Plaintiff Bradley was identified by the alleged victim of the incident in question, when no such identification ever occurred, and further, that Plaintiff Bradley pointed a black semi-automatic handgun at her, which is in contrast with her actual reporting.

4) Defendants Brown and Robinson, individually and jointly, acted with deliberate indifference to Defendants' Mundy and Jackson's individual and joint unconstitutional conduct.

5) Defendant Jackson acted with deliberate indifference to Defendant Mundy's unconstitutional conduct.

6) As a result of Defendants' collective actions, which include fabricating evidence in order to unlawfully search his residence, illegally seize his property, and place him under false arrest, Plaintiff has suffered extreme and ongoing harm.

7) The unconstitutional conduct at issue was part of a longstanding pattern and practice of deficient supervision, discipline, and training by the BPD, beginning long before Mr. Bradley's unlawful arrest, and sufficiently widespread within the BPD to assume the quality of a "custom or usage" of which BPD policymakers had actual or constructive knowledge.

8) Plaintiff Bradley seeks compensatory and punitive damages as well as other relief pursuant to 42 U.S.C. § 1983, 42 U.S.C. §1985, 42 U.S.C. §1988, the Fourth, and Fourteenth Amendments to the United States Constitution, Article 24 of the Maryland Constitution, and Maryland Law, for the unconstitutional and unlawful conduct of the Defendants.

9) The actions of the Defendants deprived Plaintiff Bradley of his civil rights and constitute egregious, excessive and objectively unreasonable violations ofrights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution, Articles 24 and 26 of the Maryland Declaration of Rights, and Maryland law.

10) Defendants Robinson, Brown, and Jackson were aware of the custom of violating citizens' civil rights and condoned, or otherwise failed to adequately train and supervise, such actions.

11) In carrying out the custom as they so did, Plaintiff Bradley suffered severe mental anguish, humiliation, loss of self-esteem, loss of consortium, loss of his marriage, economic damages as a result of losing his business, and ongoing mental and emotional anguish.

12) The illegal search of Plaintiff Bradley's home, and seizure of his person, as well as the fabrication and suppression of evidence to support that illegal conduct, were all part of a

longstanding pattern and practice of illegal conduct, including illegal searches, seizures, and fabrication and suppression of evidence, that was sufficiently widespread within the BPD to assume the quality of a "custom or usage" of which BPD policymakers had actual or constructive knowledge. The BPD either intended that these "customs or usages" continue or condoned such behavior by demonstrating deliberate indifference to stopping or correcting them.

13) This lawsuit seeks redress for Mr. Bradley's injuries resulting from the Defendants' misconduct that was in accord with BPD policies or procedures and of which the BPD knew or should have known.

## JURISDICTION AND VENUE

14) This action is brought pursuant to 42 U.S.C. §§ 1983 and 1985 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

15) This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

16) Venue is proper under 28 U.S.C. § 1391(b) because the events giving rise to this complaint occurred in this judicial district.

17) On December 18, 2019, Plaintiff Bradley sent Andre M. Davis, then Baltimore City Solicitor, notice of his claims.

## PARTIES

18) Plaintiff Bradley is thirty-three (33) years old and is a Combat Veteran of the United States Army, having served in Afghanistan in support of the Global War on Terror.

19) At the time of the underlying events, Mr. Bradley owned and operated his own branch of an insurance company.

20) At all times relevant, Plaintiff Bradley resided in Baltimore City.

21) At all times relevant and hereto, Defendants Mundy, Brown, Robinson, and Jackson were employed by Defendant BPD. All of them committed the acts and omissions

described herein under color of law and within the scope of their employment.

22) At all times relevant and hereto, Defendant Mundy was assigned to the Southern District Major Crimes Unit, and had more than twenty (20) years of experience working for Defendant BPD, including four (4) years as a Homicide Detective and one (1) year as a Sex Offense Detective. At all times relevant and hereto, Defendant Mundy was on duty and participated in the unlawful search and seizure of Plaintiff Bradley's home and property, as well as his unlawful arrest, false imprisonment, and subsequent malicious prosecution.

23) Defendant Jackson is a former member of the BPD. She was employed by Defendant BPD for more than twenty-five (25) years, from approximately 1995 to 2021, when she retired. At all times relevant to Plaintiff Bradley's matter, Defendant Jackson operated in a supervisory role, with rank of Sergeant ("Sgt."). At all times relevant, Defendant Jackson oversaw investigations in the Southern District, a role in which she served from or about 1999, for a total of more than twenty (20) years, at the time of the underlying event. At all times relevant to Plaintiff Bradley's matter, Defendant Jackson was on duty and participated in the unlawful search and seizure of his home and property, as well as his unlawful arrest and subsequent malicious prosecution.

24) At all times relevant and hereto, Defendant Robinson was on duty and in her official supervisory capacity and role as the Major Crimes Commander; she participated in the unlawful search and seizure of Plaintiff Bradley's home and property, and facilitated Plaintiff Bradley's arrest by instructing Defendant Jackson to get an arrest warrant for him, and utilize SWAT for the entry. Upon information and belief Defendant Robinson had supervisory responsibilities for the investigative units in the Southern District, and combined with her extensive career at BPD, was aware of unconstitutional actions of officers in those units, but failed to take reasonable steps to stop those violations.

25) At all times relevant and hereto, Defendant Brown was on duty and in her official

supervisory capacity and role as the Commander of the Southern District; she participated in the unlawful search and seizure of Plaintiff Bradley's home and property, and facilitated Plaintiff Bradley's arrest by offering her TAC unit to assist with arresting Plaintiff Bradley. Upon information and belief Defendant Brown had supervisory responsibilities in the Southern District, and combined with her extensive career at BPD, was aware of unconstitutional actions of officers in those units, but failed to take reasonable steps to stop those violations.

26) Defendants Mundy, Jackson, Brown and Robinson are consequently sued in their respective individual and official capacity under 42 U.S.C. § 1983, 42 U.S.C. §1985, 42 U.S.C. § 1988, the Fourth, and Fourteenth Amendments to the United States Constitution, Articles 24 and 26 of the Maryland Declaration of Rights, and Maryland Law.

27) Defendant BPD is an agency of the State of Maryland. BPD is responsible for providing police and law enforcement services for the City of Baltimore and for investigating crimes that occur within therein. BPD has its principal offices at 242 West 29th Street, Baltimore, Maryland 21211-2908. Upon information andbelief, the BPD reposed decision-making authority regarding police officer training and supervision. The BPD is a local agency for the purposes of the Local Government Tort Claims Act.

28) Though it has long been noted by Maryland courts that Defendant BPD is customarily a state agency rather than an agency of a county or municipality, and therefore enjoys the protectionof sovereign immunity, this Court has determined that Defendant BPD is a suable entity under 42 U.S.C. § 1983. *Hector v. Weglein*, 558 F. Supp. 194, 197-99 (D. Md. 1982), s*ee also Chin v. City of Baltimore*, 241 F. Supp. 2d 546, 547-48 (D. Md. 2003). The Court ruled Defendant BPD is "so connected with the government of Baltimore City to such an extent as to prevent the Police Department from asserting an Eleventh Amendment immunity." *Chin* at 548.

29) Regarding Plaintiff's state claims, Defendant BPD is sued pursuant to 42 U.S. § 1983, § 1985, and § 1988, as individual Defendants were acting under color of state law and

subjected Plaintiff to deprivation of his civil rights under the United States Constitution.

30) Defendant BPD encouraged, tolerated, ratified, and was deliberately indifferent to the following patterns, practices, and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

A. The use of unlawful arrest by police officers;

B. The improper exercise of police powers, including but not limited to unlawful arrest, and violations of citizens' Constitutional rights, particularly in connection with unlawful search and seizure;

C. Police officers' use of their status as police officers to engage in unlawful arrests and unlawful searches and seizures; and

D. The failure of police officers to follow established policies, procedures, directives and instructions regarding arrest, detention, search and seizure, arrest powers undersuch circumstances as presented herein.

31) Defendant BPD implemented a policy and custom of condonation or deliberate indifference to officers engaging in unlawful arrests and unlawful search and seizure warrants; had a custom or policy of failing to train its officers adequately; and failed to adequately supervise Defendants Mundy and Jackson.

32) Defendant BPD is sued under the theory of "Monell" liability, since the Officer Defendants' actions were undertaken pursuant to custom and usage and/orpolicies and practices of the BPD, ratified by policymakers with final policymaking authority.

33) The BPD employs or has employed each of the foregoing individual defendants. It is a "person" within the meaning of 42 U.S.C. § 1983.

34) The aforenoted factual allegations are supported by the incidents detailed below and the complaint set forth herein.

**FACTUAL BACKGROUND**

I. **THE OFFICER DEFENDANTS' ILLEGAL ARREST OF PLAINTIFF, ILLEGAL SEARCH OF PLAINTIFF'S HOME, ILLEGAL SEIZURE OF PLAINTIFF'S PROPERTY, AND FABRICATION AND SUPPRESSION OF EVIDENCE IS PART OF A WIDESPREAD BPD PATTERN OR PRACTICE OF ILLEGAL CONDUCT.**

35) The BPD and its supervisors, including Robinson, Brown, and Jackson, knew or should have known that officers in specialty units are given broad authority to combat crime, and remove guns from the streets, yet they often engage in a pattern or practice of illegal activities like those that occurred here.

36) Despite the actual or constructive knowledge of this pattern or practice, the BPD condoned misconduct and ignored abuses committed by specialty units or other officers, if they "produced," meaning they made significant arrests and/or brought in a significant number of firearms.

37) Unfortunately for Plaintiff Bradley, and the many other innocent victims in the City of Baltimore, the BPD turned a blind eye to this pattern or practice of illegal activity, allowing Defendants the opportunity they never should have had to engage in the conduct at issue in this case.

   A. **SUBSTANTIALLY SIMILAR ALLEGATIONS TO THIS COMPLAINT HAVE LONGED PLAGUED BPD SPECIALTY UNITS.**

   B. **DEFENDANTS ROBINSON AND BROWN WERE DELIBERATELY INDIFFERENT TO THE PRACTICE OF SUBORDINATES.**

   C. **BPD ENTERED INTO A CONSENT DECREE IN WHICH IT ADMITTED TO A PATTER OR PRACTICE OF CONDUCT SUBSTANTIALLY SIMILAR TO THAT AT ISSUE HERE AND BASED IN PART ON CONDUCT THAT OCCURRED PRIOR TO 2019.**

   D. **THE POLICIES AND "CUSTOMS AND USAGE" OF THE BPD.**

II. **PLAINTIFF WAS UNLAWFULLY ARRESTED BECAUSE OF DEFENDANTS' ILLEGAL POLICIES AND PROCEDURES.**

   A. **THE UNCONSTITUTIONAL SEARCH AND SEIZURE**

   B. **THE UNCONSTITUTIONAL ARREST**

   C. **THE FABRICATED AFFIDAVIT AND STATEMENT OF PROBABLE**

**CAUSE**

**D. PROSECUTION**

**E. PLAINTIFF BRADLEY'S DAMAGES**

38) On February 27, 2019, Baltimore Police Department Officer Curioli, responded to a call for an "aggravated assault" and met with Ms. Abani Sehu ("Ms. Sehu") who reported that while driving in the 700 block of Washington Avenue, in Baltimore Maryland, an "unknown white male" driving an unknown make and model vehicle "displayed his middle finger" toward her and then pointed "what appeared to be a handgun" at her.

1) Ms. Sehu described the driver of the vehicle as a "clean shaved white male in his 20s, with sandy blond hair," and provided that same description later that day to another officer.

2) On February 28, 2019, the case was assigned to Defendant Mundy who contacted Ms. Sehu and obtained and reviewed a copy of her vehicle's dash camera footage.

3) Defendant Mundy was unable to identify the driver based on the video footage, but ascertained the license tag of the vehicle in question and determined that Plaintiff Bradley was the registered owner of the vehicle.

4) Defendant Mundy conducted additional records checks and determined that Plaintiff Bradley had a valid Maryland permit to carry a handgun and was the registered owner of three semi-automatic handguns.

5) Defendant Mundy subsequently falsified a statement of probable cause and other police reports relating to what transpired, including intentionally fabricating information that indicated Plaintiff Bradley had been identified, when he was not, and that Ms. Sehu described Plaintiff Bradley having pointed a "black semi-automatic handgun" at her, when she had provided no such description nor had identified Plaintiff Bradley.

6) On March 5, 2019, intentionally relying on the fabricated information, Defendant Mundy applied and secured a Search and Seizure Warrant ("SSW"), in order to gain entry into Plaintiff Bradley's home.

7) That same day, Defendant Mundy authored a progress report wherein he wrote that he hoped executing the SSW and bringing Plaintiff Bradley in "would lead him to make a statement putting himself at the scene since the face of the driver was not clear in the footage [he] viewed."

8) Defendant Mundy's progress report, available to his supervisors, Defendants BPD, Robinson, and Jackson, was in direct contradiction to his assertions in the application for a SSW, wherein he conveyed that Plaintiff Bradley had been identified.

9) On March 8, 2019, continuing to rely on and include fabricated information in his filings, Defendant Mundy sought an *Application for Statement of Charges* ("SOC") and secured an arrest warrant for Plaintiff Bradley.

10) Knowing the information contained in the SSW was false, Defendants nonetheless executed a SSW on Plaintiff Bradley's property on March 12, 2019, and unlawfully arrested him.

11) As a result of his unlawful arrest, Plaintiff Bradley was prosecuted by the State's Attorney's Office in Baltimore City.

12) Plaintiff Bradley suffered irreparable harm because of Defendant Mundy's actions, the deliberate indifference of Mundy's supervisors, Defendants Jackson and Robinson, and the combined unconstitutional practices and policies of the BPD and the Defendant officers, to include Mundy's supervisors.

## CAUSES OF ACTION

### COUNT I – 42 U.S.C. § 1983
### Violation of Due Process
### (Against Officer Defendants)

### COUNT II – 42 U.S.C. § 1983
### Malicious Prosecution
### (Against Officer Defendants)

13) Each paragraph of this Complaint is incorporated as if fully stated herein.

### COUNT III – 42 U.S.C. § 1983
### Failure to Intervene
### (Against Officer Defendants)

### COUNT IV – 42 U.S.C. §§ 1983 and 1985
### Conspiracy to Deprive Constitutional Rights
### (Against Officer Defendants)

14) Each paragraph of this Complaint is incorporated as if fully stated herein.

15) Accordingly, the Officer Defendants, acting in concert, conspired to accomplish an unlawful purpose by unlawful means.

16) In furtherance of this conspiracy, the Officer Defendants engaged in and facilitated numerous unlawful acts, including, but not limited to, fabricating evidence and committing perjury in a statement of probable cause, and were otherwise willful participants in the joint activity.

17) The misconduct described herein was undertaken with malicious intent and willful indifference to Plaintiffs' clearly established constitutional rights. Moreover, the Officer Defendants' misconduct obstructed the administration of justice in federal and state courts and was motivated by an attempt to deprive Plaintiffs of the equal protection of the laws.

18) As a direct and proximate result of the Officer Defendants' illicit prior agreement and actions in furtherance of the conspiracy discussed above, Mr. Bradley

19) suffered injuries, including but not limited to loss of liberty, physical injury, and severe emotional distress.

### COUNT IV – 42 U.S.C. § 1983
### Supervisory Liability
### (Against Defendants Jackson and Robinson respectively)

20) Each paragraph of this Complaint is incorporated as if fully stated herein.COUNT V – 42 U.S.C. § 1983

### *Monell* Liability
### (Against Baltimore Police Department)

21) Each paragraph of this Complaint is incorporated as if fully stated herein.

22) The Officers' actions were undertaken pursuant to custom and usage and/orpolicies and practices of the BPD, ratified by policymakers with final policymaking authority.

23) These policies and practices included, but were not limited to, permitting police officers to illegally stop, detain, search, and seize persons; permitting the use of fabricated evidence to support unconstitutional stops and seizures; and suppressing exculpatory and/or impeachment evidence.

24) These policies and practices were sufficiently widespread within the BPD toassume the quality of a "custom or usage" of which BPD policymakers had actual or constructive knowledge.

25) The policies and practices described herein were maintained and implemented by the BPD with deliberate indifference to Plaintiffs' constitutional rights.

26) Prior to and at the time of the events at issue, the BPD, by and through its final policymakers, maintained a policy, custom, pattern, or practice of failing to adequately supervise, discipline, and train members of its plainclothes units with respect to their constitutional obligations.

27) The misconduct described herein was undertaken with malicious intent and willful indifference to the clearly established constitutional rights of Mr. Bradley and other citizens of Baltimore.

28) As a direct and proximate result of BPD's actions, Mr. Bradley suffered injuries, including, but not limited to, loss of liberty, physical injury, and severe emotional distress.

**COUNT VI – State Law Claims**
**Malicious Prosecution**
(<u>Against Officer Defendants</u>)

29) Each paragraph of this Complaint is incorporated as if fully stated herein.

30) Officers accused Mr. Bradley of criminal activity knowing those accusations were without probable cause, and made statements to prosecutors with the intent of exerting influence

and to institute and continue judicial proceedings.

31) The Officer Defendants caused Plaintiffs to be subjected improperly to judicial proceedings for which there was no probable cause, resulting in Plaintiffs' injuries.

32) The Officer Defendants knowingly made false statements regarding Plaintiffs' alleged culpability.

33) Additionally, the Officer Defendants fabricated evidence and withheld exculpatory evidence that would have proven Plaintiffs' innocence.

34) The Officer Defendants were aware that, as described more fully above, no actual or truthful evidence would have supported Assault First Degree charges against Mr. Bradley.

35) As a direct and proximate result of this misconduct, Mr. Bradley suffered injuries, including, but not limited to, loss of liberty, physical injury, and severe emotional distress.

### COUNT VII – State Law Claims
### Abuse of Process
### (**Against Officer Defendants**)

36) Each paragraph of this Complaint is incorporated as if fully stated herein.

37) As described above, Officers willfully misused thecriminal process against Mr. Bradley for a purpose different than its intended purpose.

38) The Officer Defendants fabricated evidence to frame Plaintiffs for a crime that they did not commit.

39) The misconduct described in this Complaint was undertaken with malicious intent and willful indifference to Plaintiffs' clearly established constitutional rights.

40) As a direct and proximate result of this misconduct, Mr. Bradley suffered injuries, including, but not limited to, loss of liberty, physical injury, and severe emotional distress.

### COUNT VIII – State Law Claims
### Intentional Infliction of Emotional Distress
### (**Against Officer Defendants**)

41) Each paragraph of this Complaint is incorporated as if fully stated herein.

42) The acts and conduct of Officers Mundy and Jackson as set forth above were extreme and outrageous; an average member in the community would not expect police officers to falsely frame, arrest, and imprison an innocent citizen.

43) The Officer Defendants' actions to search Mr. Bradley's home and arrest him absent any probable cause were rooted in an abuse of power and were undertaken with the intent to cause, or in reckless disregard of the possibility that their conduct would cause, severe emotional distress to Plaintiffs.

44) As a direct and proximate result of this misconduct, Mr. Bradley suffered injuries, including, but not limited to, loss of liberty, physical injury, and severe emotional distress.

### COUNT IX – State Law Claims
### Civil Conspiracy
### (Against Officer Defendants)

45) Each paragraph of the Complaint is incorporated as if fully stated herein.

46) As described more fully above, Officers acted in concert with each other and with other co-conspirators to accomplish an unlawful purpose by unlawful means.

47) In furtherance of the conspiracy, the Officer Defendants committed overt acts or were otherwise willful participants in joint activity, including, but not limited to, malicious prosecution of Mr. Bradley.

48) The misconduct described herein was undertaken with malicious intent and willful indifference to Plaintiffs' clearly established constitutional rights.

49) As a direct and proximate result of this misconduct, Mr. Bradley suffered injuries, including, but not limited to, loss of liberty, physical injury, and severe emotional distress.

### COUNT X – State Law Claims
### Article 24 of the Maryland Constitution - Declaration of Rights
### (Against Officer Defendants)

50) Each paragraph of this Complaint is incorporated as if fully stated herein.

51) As described more fully above, Officers, Mr. Bradley's due process rights because Plaintiff was arrested and prosecuted for crimes he did not commit and which the Officer

Defendants knew or should have known they did not commit.

52) As a direct and proximate result of the Officer Defendants' actions, Mr. Bradley suffered injuries, including, but not limited to, loss of liberty, physical injury, and severe emotional distress.

## COUNT XI – State Law Claims
## Indemnification
## (Against Baltimore Police Department)

53) Each paragraph of this Complaint is incorporated as if fully stated herein.

54) Under Maryland law, public entities are directed to pay any tort judgment for which their employees are liable within the scope of their employment.

55) Officers Mundy, Jackson, and Robinson are or were employees of the BPD, who acted within the scope of their employment when committing the misconduct described herein.

56) Officers Mundy, Jackson, and Robinson were acting pursuant to Defendant BPD's instruction to get guns off the streets of Baltimore, and pursuant to BPD's implicit or explicit message to its officers that the Department did not care about the methods those officers used towards that end. They fabricated evidence and information to secure an illegal search warrant, enter and search Mr. Bradley's property unlawfully, seize his property and person unlawfully, and engage and assist in maliciously prosecuting Mr. Bradley using BPD cars and guns, carrying BPD badges, during working hours for which they were being paid by BPD.

57) In all respects in which she supervised (or failed to supervise) and failed to discipline Defendants Mundy and Jackson and failed to take reasonable steps to assure that they respected the constitutional rights of Mr. Bradley, Defendant Robinson was acting within the scope of her employment as the Officers' supervisor within the BPD.

58) Accordingly, BPD is required to indemnify any and all of the individual defendants against whom a judgment is entered in this case.

## REQUEST FOR DAMAGES

WHEREFORE, Plaintiff William Bradley requests that this Court enter judgment in his favor and against Defendants Baltimore Police Department, Frank Mundy, Kathy Jackson, and Sheree Robinson, and award him:

1. Compensatory damages, attorneys' fees, and costs, jointly and severally against each Defendant;

2. Punitive damages against each Defendant; and

3. Any and all other relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff William Bradley hereby demands a trial by jurypursuant to Fed. R. Civ. P. 38(b) on all triable issues.

| | |
|---|---|
| ____/s/ Oana A. Brooks – 3/14/2022<br>Fed. Bar No. 28330<br>BROOKS LAW LLC<br>The Houston-Marshall Law Building<br>12 E. Pleasant Street<br>Baltimore, Maryland 21202<br>410-779-3100<br>oanabrooks@obrookslaw.com | ____/s/ Tony Garcia, Esq.<br>Fed. Bar No. 950621044<br>Bates & Garcia, LLC<br>201 N. Charles Street, Ste 1900<br>Baltimore, MD 21201<br>410-814-4600<br>tony@batesgarcia.com |